**STATISTICAL INFORMATION ONLY:** *Debtor must select the number of each of the following items included in the Plan.*

0 Valuation of Security     0 Assumption of Executory Contract or Unexpired Lease     0 Lien Avoidance

Last revised: December 1, 2017

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re: **Adam Czekanski**  
**Elzbieta Czekanski**  
Debtor(s)

Case No.: 18-11160  
Judge: RG

## CHAPTER 13 PLAN AND MOTIONS

☐ Original  
☑ Modified/Notice Required     Date: 2/5/2018  
☐ Motions Included  
☐ Modified/No Notice Required

**THE DEBTOR HAS FILED FOR RELIEF UNDER CHAPTER 13 OF THE BANKRUPTCY CODE.**

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: DLS     Initial Debtor: A C     Initial Co-Debtor: E C

**Part 1: Payment and Length of Plan**

    a. The debtor shall pay __400.00 Monthly__ to the Chapter 13 Trustee, starting on __February 1, 2018__ for approximately **36** months.

    b. The debtor shall make plan payments to the Trustee from the following sources:
- [x] Future Earnings
- [ ] Other sources of funding (describe source, amount and date when funds are available):

    c. Use of real property to satisfy plan obligations:
- [ ] Sale of real property
  Description:
  Proposed date for completion:

- [ ] Refinance of real property:
  Description:
  Proposed date for completion:

- [x] Loan modification with respect to mortgage encumbering property:
  Description: 16 Homestead Road, Elmwood Park, NJ
  Proposed date for completion: __Determined by court__

    d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

    e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection     ☐ NONE

    a. Adequate protection payments will be made in the amount of $___ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ___ (creditor).

    b. Adequate protection payments will be made in the amount of $ __1,910.46__ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: __Cenlar__ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Scura, Wigfield, Heyer, Stevens & Cammarota, LLP** | Administrative | **Amount to be determined by further application to the court** |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
- [x] None
- [ ] The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

**Part 4: Secured Claims**

**a. Curing Default and Maintaining Payments on Principal Residence:** ☐ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Cenlar | 16 Homestead Road, Elmwood Park, NJ 07407 | 32,837.00 | 0 | Arrears to be cured via loan modification | 1,910.46 - APP 60% p&I + 100% escrow |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☑ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

**c. Secured claims excluded from 11 U.S.C. 506:** ☑ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☑ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☑ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☐ NONE

The following secured claims are unaffected by the Plan:

Creditor
**Bmw Financial Services - auto loan**
**Ford Motor Credit - son's auto loan**

**g. Secured Claims to be Paid in Full Through the Plan** ☑ NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
|  |  |  |

## Part 5:  Unsecured Claims     ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:
  ☐ Not less than $___ to be distributed *pro rata*

  ☐ Not less than ___ percent

  ☑ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6:  Executory Contracts and Unexpired Leases     X NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

## Part 7:  Motions     X NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. *A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                              Best Case Bankruptcy

a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☑ **NONE**
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☑ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☑ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

## Part 8: Other Plan Provisions

a. **Vesting of Property of the Estate**
   ☑ Upon Confirmation
   ☐ Upon Discharge

b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. **Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
   1) Ch. 13 Standing Trustee Commissions
   2) **Other Administrative Claims**
   3) **Secured Claims**
   4) **Lease Arrearages**
   5) **Priority Claims**
   6) **General Unsecured Claims**

d. **Post-Petition Claims**

The Standing Trustee ☐ is, ☑ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                                                                         Best Case Bankruptcy

| **Part 9: Modification** | ☐ NONE |
|---|---|
| If this Plan modifies a Plan previously filed in this case, complete the information below. Date of Plan being modified: __1/19/2018__ . | |
| Explain below **why** the plan is being modified: **To correct the adequate protection payment amount to Cenlar and treat Ford Motor Credit as unaffected.** | Explain below **how** the plan is being modified: **Amount of the adequate protection payment to Cenlar updated in Part 2 and Part 4, section a. Ford Motor Credit added to Part 4, section f.** |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☑ Yes    ☐ No

**Part 10 : Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:
☑ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date    **February 9, 2018**        **/s/ David L. Stevens**
                                    **David L. Stevens 034422007 NJ**
                                    Attorney for the Debtor

Date:    **February 9, 2018**       **/s/ Adam Czekanski**
                                    **Adam Czekanski**
                                    Debtor

Date:    **February 9, 2018**       **/s/ Elzbieta Czekanski**
                                    **Elzbieta Czekanski**
                                    Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date    **February 9, 2018**        **/s/ David L. Stevens**
                                    **David L. Stevens 034422007 NJ**
                                    Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date:    **February 9, 2018**       **/s/ Adam Czekanski**
                                    **Adam Czekanski**
                                    Debtor

Date:    **February 9, 2018**       **/s/ Elzbieta Czekanski**
                                    **Elzbieta Czekanski**
                                    Joint Debtor

```
                            United States Bankruptcy Court
                                 District of New Jersey

In re:                                                          Case No. 18-11160-RG
Adam Czekanski                                                  Chapter 13
Elzbieta Czekanski
        Debtors                      CERTIFICATE OF NOTICE
District/off: 0312-2          User: admin                  Page 1 of 2                  Date Rcvd: Feb 15, 2018
                              Form ID: pdf901              Total Noticed: 29


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 17, 2018.
db/jdb         +Adam Czekanski,    Elzbieta Czekanski,    16 Homestead Road,    Elmwood Park, NJ 07407-1307
cr            ++FORD MOTOR CREDIT COMPANY,    P O BOX 62180,   COLORADO SPRINGS CO 80962-2180
                (address filed with court:    Ford Motor Credit Company, LLC,     PO Box 62180,
                Colorado Springs, MO  80962)
517286587      +1st Crd Srvc,    377 Hoes Lane,   Piscataway, NJ 08854-4138
517286589     ++BANK OF AMERICA,    PO BOX 982238,    EL PASO TX 79998-2238
                (address filed with court:   Bankamerica,    Po Box 982238,    El Paso, TX 79998)
517286590      +Bby/cbna,   50 Northwest Point Road,     Elk Grove Village, IL 60007-1032
517286593     ++CAPITAL ONE,   PO BOX 30285,    SALT LAKE CITY UT 84130-0285
                (address filed with court:   Capital One,    15000 Capital One Dr,    Richmond, VA 23238)
517286596      +Chase Card,   Po Box 15298,    Wilmington, DE 19850-5298
517286597      +Comenity Bank/pier 1,    Po Box 182789,   Columbus, OH 43218-2789
517286599      +Dsnb Macys,   Po Box 8218,    Mason, OH 45040-8218
517324027      +Ford Motor Credit,    PO box 542000,    Omaha, NE 68154-8000
517286600      +Jh Portfolio Debt Equi,    5757 Phantom Dr Ste 225,    Hazelwood, MO 63042-2429
517286601      +The Bureaus Inc,    1717 Central St,    Evanston, IL 60201-1507
517286603     ++US BANK,   PO BOX 5229,    CINCINNATI OH 45201-5229
                (address filed with court:   Us Bk Rms Cc,    Po Box 108,   Saint Louis, MO 63166)
517286602      +Unvl/citi,   Po Box 6241,    Sioux Falls, SD 57117-6241
517286604      +Us Dept Of Ed/glelsi,    2401 International Lane,    Madison, WI 53704-3121
517286605      +Wells Fargo,   Po Box 14517,    Des Moines, IA 50306-3517
517286606      +Wells Fargo Bank,    Po Box 14517,    Des Moines, IA 50306-3517

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Feb 15 2018 23:16:27     U.S. Attorney,    970 Broad St.,
                Room 502,   Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Feb 15 2018 23:16:24      United States Trustee,
                Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,   Suite 2100,
                Newark, NJ 07102-5235
517286588      +E-mail/Text: bkrpt@retrievalmasters.com Feb 15 2018 23:16:23     Amca,    2269 S Saw Mill,
                Elmsford, NY 10523-3832
517295178      +E-mail/PDF: acg.acg.ebn@americaninfosource.com Feb 15 2018 23:18:40
                BMW Bank of North America,    AIS Portfolio Services, LP,    4515 N Santa Fe Ave. Dept. APS,
                Oklahoma City, OK 73118-7901
517286592       E-mail/PDF: ais.bmw.ebn@americaninfosource.com Feb 15 2018 23:18:49      Bmw Financial Services,
                5515 Parkcenter Cir,    Dublin, OH 43017
517295179      +E-mail/PDF: acg.acg.ebn@americaninfosource.com Feb 15 2018 23:18:07
                BMW Financial Services NA, LLC,    AIS Portfolio Services, LP,    4515 N Santa Fe Ave. Dept. APS,
                Oklahoma City, OK 73118-7901
517286594      +E-mail/Text: bankruptcy@cavps.com Feb 15 2018 23:16:47     Cavalry Portfolio Serv,
                Po Box 27288,   Tempe, AZ 85285-7288
517324140      +E-mail/Text: bankruptcy@cavps.com Feb 15 2018 23:16:47     Cavalry SPV I, LLC,
                500 Summit Lake Drive, Ste 400,    Valhalla, NY 10595-1340
517286595      +E-mail/Text: kzoepfel@credit-control.com Feb 15 2018 23:16:28      Central Loan Admin & R,
                425 Phillips Blvd,   Ewing, NJ 08618-1430
517303236       E-mail/Text: mrdiscen@discover.com Feb 15 2018 23:15:35     Discover Bank,
                Discover Products Inc,    PO Box 3025,   New Albany, OH  43054-3025
517286598      +E-mail/Text: mrdiscen@discover.com Feb 15 2018 23:15:35     Discover Fin Svcs Llc,
                Po Box 15316,   Wilmington, DE 19850-5316
517286600      +E-mail/Text: bknotificationdistribution@jhcapitalgroup.com Feb 15 2018 23:17:39
                Jh Portfolio Debt Equi,    5757 Phantom Dr Ste 225,    Hazelwood, MO 63042-2429
517298850      +E-mail/Text: bankruptcydpt@mcmcg.com Feb 15 2018 23:16:23     Midland Funding LLC,
                PO Box 2011,   Warren, MI 48090-2011
                                                                                              TOTAL: 13

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517286591*    ++BANK OF AMERICA,   PO BOX 982238,    EL PASO TX 79998-2238
                (address filed with court:   Bk Of Amer,    Po Box 982238,   El Paso, TX 79998)
                                                                                 TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

```
District/off: 0312-2          User: admin              Page 2 of 2            Date Rcvd: Feb 15, 2018
                              Form ID: pdf901          Total Noticed: 29

              ***** BYPASSED RECIPIENTS (continued) *****
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 17, 2018                                         Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 8, 2018 at the address(es) listed below:
              David L. Stevens    on behalf of Debtor Adam  Czekanski dstevens@scuramealey.com,
               cbalala@scuramealey.com;ecfbkfilings@scuramealey.com;dsklar@scuramealey.com;ascolavino@scuramealey.com;dmedina@scura.com
              David L. Stevens    on behalf of Joint Debtor Elzbieta  Czekanski dstevens@scuramealey.com,
               cbalala@scuramealey.com;ecfbkfilings@scuramealey.com;dsklar@scuramealey.com;ascolavino@scuramealey.com;dmedina@scura.com
              John R. Morton, Jr.    on behalf of Creditor   Ford Motor Credit Company, LLC
               ecfmail@mortoncraig.com,  mortoncraigecf@gmail.com
              Marie-Ann Greenberg    magecf@magtrustee.com
              Rebecca Ann Solarz    on behalf of Creditor   HomeBridge Financial Services, Inc.
               rsolarz@kmllawgroup.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 6
```